IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH JOHNSON,

                Petitioner,

v.

DONALD BARROW, Warden,

                Respondent.

1:12-cv-3775-WSD

## OPINION AND ORDER

This matter is before the Court on "Petitioners [sic] Objection to Final Report and Recommendation" [18] ("Objections") in which Petitioner Joseph Johnson ("Petitioner") objects to Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [16] ("R&R") on Petitioner's Petition for Writ of Habeas Corpus [1] ("Petition").

**I.    BACKGROUND[1]**

On February 1, 2000, Petitioner, currently incarcerated at the Washington State Prison in Davisboro, Georgia, pleaded guilty to one count of felony murder and one count of armed robbery and was sentenced to life imprisonment. Johnson

---

[1]     The facts are set out in more detail in the R&R, including the rights which Petitioner was advised he was waiving by pleading guilty and the agreement the state made with him in connection with his guilty plea. These facts, to which there were no objections and in which the Court determines there is no plain error, are adopted by the Court and incorporated in this Order.

v. State, 570 S.E.2d 289, 290, n.1 (2002).  At the February 1, 2000, plea and sentencing hearing, Petitioner was advised of his rights and the prosecution presented the factual basis for Petitioner's plea.  The hearing established that Petitioner was not under the influence of alcohol or drugs, understood the charges against him and the possible sentences, and understood the rights he was waiving by pleading guilty.  Id. at 291; ([9.9] at 102-10).  Petitioner acknowledged that he had not been threatened or coerced into pleading guilty, and Petitioner signed the indictment, indicating he was pleading guilty to the two offenses.  Johnson, 570 S.E.2d at 291; ([9.9] at 106-07).

After being sentenced to life imprisonment, Petitioner moved to withdraw his guilty plea, which the trial court denied.  Johnson, 570 S.E.2d at 290.  The Georgia Supreme Court concluded that Petitioner "made a voluntary and intelligent choice to plead guilty and trial counsel's performance did not affect the outcome of the plea process." Id. The trial court's decision and Petitioner's conviction were affirmed.  Id.  Petitioner was denied habeas corpus relief in the state habeas corpus proceeding he filed.

Petitioner was represented by Mr. Gary Guichard at his plea and sentencing hearing.  (R&R at 8).  He was represented by Mr. John Kraus on his motion to withdraw his plea, and in his direct appeal to the Georgia Supreme Court.  (Id.).

On October 26, 2012, Petitioner filed his federal habeas Petition, seeking federal habeas corpus relief on the grounds that: (1) his guilty plea was not made voluntarily because he was not informed that he was waiving his right not to incriminate himself and did not understand the consequences of the plea; (2) Mr. Guichard rendered ineffective assistance of counsel by allowing Petitioner to plead guilty without being advised of his right not to incriminate himself; and (3) Mr. Kraus rendered ineffective assistance of counsel by not arguing on appeal that Petitioner's plea was invalid because he was not informed of his right not to incriminate himself.  (Petition at 4-5; [15] at 1-10).

On April 2, 2014, the Magistrate Judge issued her R&R, recommending that the Petition be denied.  (R&R at 34).  The Magistrate Judge found that Ground Two was procedurally defaulted and Grounds One and Three of Petitioner's claims failed on the merits.  (Id. at 17-32).  On April 11, 2014, Petitioner filed his Objections, arguing that, under Boykin v. Alabama, 395 U.S. 238 (1969), he was entitled to be informed, before he pleaded guilty, that he was waiving his right to a jury trial, his right to confront his accuser, and his privilege against compulsory self-incrimination.  (Obj. at 1-3).

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984)

### B. Analysis

#### 1. Petitioner's Objections

Petitioner objects to the R&R, arguing that his guilty plea is invalid under Boykin because he was not told, prior to pleading guilty, that he was waiving his right to a jury trial, his right to confront his accuser, and his privilege against compulsory self-incrimination. (Obj. at 1-3).

### a) Right to Jury Trial and to Confront Witnesses

Petitioner objects to the findings in the R&R that he was advised of his right to a trial by jury and to confront the prosecution's witnesses called to testify against him. (Obj. at 1-3). The record discredits this argument.

Petitioner stated during his plea hearing that he understood that by entering a plea of guilty he would be "waiving the following rights: the right to have a jury trial [and] the right to cross-examine the state's witnesses called to testify against you . . . ." ([9.9] at 105-06). The Court thus finds, on *de novo* review, that Petitioner was informed at the February 1, 2000, plea hearing that if he pleaded guilty he would waive his right to have a trial by jury and the right to cross-examine the prosecution's witnesses called to testify against him. Petitioner's Objections on this ground are overruled.

### b) Right Against Self-Incrimination

Petitioner next objects to the finding in the R&R that his guilty plea was voluntary even though he was not informed specifically that he was waiving his right against compulsory self-incrimination. (Petition at 4; [15] at 1-10). Petitioner is entitled to federal habeas relief on this claim only if he can demonstrate that the state court's decision that Petitioner's plea was knowing and voluntary, was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States" or "resulting in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  See 28 U.S.C. § 2254(d)(1)-(2).  Petitioner "bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'"  See Burt v. Titlow,— U.S. —–, 134 S. Ct. 10, 11 (2014) (quoting 28 U.S.C. § 2254(e)(1)).  Because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction, . . . a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 102 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

    The Georgia Supreme Court, in considering whether Petitioner's guilty plea was made knowingly and voluntarily, found that Petitioner was properly informed of the rights he was waiving by pleading guilty, and the possible sentence that could be imposed against him.  Johnson, 570 S.E.2d at 291.  The Georgia Supreme

Court concluded that Petitioner "made a knowing, voluntary, and intelligent plea of guilty." Id.

Petitioner claims that, under Boykin, the state court was required to specifically inform him that by pleading guilty, Petitioner was waiving his right against compulsory self-incrimination. Boykin does not support Petitioner's self-incrimination argument. In Boykin, the Supreme Court held that "for a guilty plea to be valid and enforceable, '[t]he record must show, or there must be an allegation and evidence which shows, that an accused . . . intelligently and understandingly' waived the rights implicated by a guilty plea." Allen v. Thomas, 161 F.3d 667, 670 (11th Cir. 1998) (quoting Boykin, 395 U.S. at 242). "[C]ourts [must] establish a record that generally reveals affirmative awareness of the consequences of a guilty plea." United States v. Simmons, 961 F.2d 183, 187 (11th Cir. 1992) (internal quotations omitted). A "trial court may sufficiently apprise a defendant of the consequences of his plea without obtaining express waivers of his right to confront adverse witnesses and his right against compulsory self-incrimination." Id. "[T]here is no requirement that there be express articulation and waiver of the [] constitutional rights [to trial by jury, to confront one's accusers, or against self-incrimination] by the defendant at the time of acceptance of his guilty plea, if it appears from the record that the accused's plea was intelligently and voluntarily

made, with knowledge of its consequences." McChesney v. Henderson, 482 F.2d 1101, 1110 (5th Cir. 1973).

The February 1, 2000, hearing transcript shows that the Georgia Supreme Court reasonably applied this clearly established law in determining if Petitioner understood the nature of the charges, the factual basis for the plea, the rights being waived, the possible sentence that could be imposed, and whether Petitioner "understood and intelligently entered the plea." Johnson, 570 S.E.2d at 291; See 28 U.S.C. § 2254(d)(1)-(2). Petitioner was presented with the factual basis for the charges to which he pleaded guilty, was informed of the possible sentences that could be imposed, and was specifically informed that he was waiving his right to a jury trial and to confront his accuser. ([9.9] at 102-10). Petitioner also was informed that he had the "right to testify on your own behalf if you wish to testify," showing that if he chose to go to trial, he had the right not to testify or incriminate himself. (See id. at 105). The Georgia Supreme Court correctly applied the standard in Boykin by concluding that Petitioner had voluntarily and intelligently entered his guilty pleas.

Petitioner failed to demonstrate that the Georgia Supreme Court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or

"result[ed] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  See 28 U.S.C. § 2254(d)(1)-(2).  Having concluded its *de novo* review of Ground One, the Court finds that Petitioner's Objection are overruled.  Petitioner is not entitled to federal habeas relief on Ground One of his Petition.

### 2. Plain Error Review of Findings and Recommendations

#### a) Ineffective Assistance of Trial Counsel for Failure to Advise of Right Against Self-Incrimination

Petitioner argues, in Ground Two of his Petition, that Mr. Guichard rendered ineffective assistance of counsel by allowing Petitioner to plead guilty without being advised of his right not to incriminate himself.  (Petition at 4; [15] at 1-10). The Magistrate Judge found that the issue asserted in Ground Two was not raised by Petitioner in his state court proceedings and, thus, was procedurally defaulted. (R&R at 24-26).  Petitioner did not object to this finding and it is reviewed for plain error.  See Slay, 714 F.2d at 1095.

"A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999).

9

In his direct state court appeal, Petitioner argued only that Mr. Guichard rendered ineffective assistance because Mr. Guichard failed to adequately explain the law on recidivism.  ([9.9] at 27-38); Johnson, 570 S.E.2d at 291.  Petitioner did not allege that his counsel failed to inform him of his privilege against compulsory self-incrimination.  Petitioner procedurally defaulted on his claim of ineffective assistance of counsel based on Mr. Guichard's alleged failure to inform Petitioner of his privilege against compulsory self-incrimination by failing to raise this claim in the state court proceedings.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353 (11th Cir. 2012) ("a general allegation of ineffective assistance or a specific allegation of ineffective assistance wholly unrelated to the ground on which the claim ultimately depends will [not] immunize a petitioner from a finding of procedural default.") (quoting Ogle v. Johnson, 488 F.3d 1364, 1369 (11th Cir. 2007)).

The Magistrate Judge found that Petitioner is not entitled to federal habeas relief on the ineffective assistance of counsel claim alleged in Ground Two because this claim was procedurally defaulted.  (R&R at 24-26).  Finding no plain error in this finding and recommendation, Petitioner's Objections are overruled.  Petitioner is not entitled to federal habeas relief on Ground Two of his Petition.  See Slay, 714 F.2d at 1095; Bailey, 172 F.3d at 1302; Lucas, 682 F.3d at 1353.

> b) <u>Ineffective Assistance of Appellate Counsel for Failing to Argue Ineffective Assistance of Trial Counsel</u>

Petitioner argues, in Ground Three of his Petition, that Mr. Kraus rendered ineffective assistance of counsel by not arguing on appeal that Petitioner's plea was invalid because he was not informed of his right against self-incrimination. (Petition at 5; [15] at 1-10). The Magistrate Judge found that Petitioner did not show that the state court's denial of his ineffective assistance of counsel claim was the result of an unreasonable application of federal law. (R&R at 26-32).

> In <u>Strickland v. Washington</u>, the Supreme Court held that:
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Strickland v. Washington</u>, 466. U.S. 668, 687 (1984). "There is a strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment."

11

Ruiz v. Sec'y, Florida Dep't of Corr., 439 F. App'x 831, 835 (11th Cir. 2011) (quotations omitted).

Petitioner's ineffective assistance of counsel claims were adjudicated on the merits in his state court habeas proceedings,[2] and he is entitled to federal habeas relief only if he can demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulting in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." See 28 U.S.C. § 2254(d)(1)-(2).

A claim of ineffective assistance of counsel under Section 2254(d), requires a "double layer" of deference to trial counsel's performance. Ruiz, 439 F. App'x at 835. "Under § 2254(d), the question is not whether counsel's actions were reasonable. The question is whether there is *any* reasonable argument that counsel satisfied Strickland's deferential standard." Id. (quotations omitted).

---

[2] The Magistrate Judge concluded that because Petitioner raised this claim in his amendment to his state habeas petition, which was filed before the state habeas court issued its decision, that the state court is presumed to have addressed this claim on the merits, despite not specifically discussing the claim in its decision. (R&R at 26-27); see also Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013) (when a "state court addresses some of the claims raised by a defendant but not a claim that is later raised in a federal habeas proceeding" the unaddressed claims "must be presumed to have been adjudicated on the merits . . . .").

The failure of the state court to specifically inform Petitioner that he was waiving his right against compulsory self-incrimination does not render his plea invalid under Boykin. See Simmons, 961 F.2d at 187; McChesney, 482 F.2d at 1110. In Goodman v. Davis, the Georgia Supreme Court considered a defendant's argument that his guilty plea was invalid because the defendant was not told of his right against compulsory self-incrimination. Goodman v. Davis, 287 S.E.2d 26 (Ga. 1982). The Georgia Supreme Court held:

> We do not read Boykin as requiring the invalidation of a voluntarily made guilty plea where the record clearly reflects that the accused fully understands the nature of the charges against him and the consequences of entering a guilty plea, but the court fails to specifically advise him that he has a right to remain silent prior to accepting the guilty plea. Rather, we read Boykin as requiring that there be a record of the guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

Id. at 28. Based on this authority, it was not unreasonable for Mr. Kraus to decline to raise Petitioner's self-incrimination argument on appeal.

Petitioner has not presented any evidence that supports that Mr. Kraus otherwise was deficient in his representation of Petitioner or that the alleged deficiency prejudiced Petitioner sufficiently to overcome the strong presumption that his appellate counsel's performance was reasonable. See Strickland, 466 U.S.

13


at 687; Ruiz, 439 F. App'x at 835.  Petitioner has failed to show that the state court's denial of his ineffective assistance of counsel claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "result[ed] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." See 28 U.S.C. § 2254(d)(1)-(2).  The Magistrate Judge found that Petitioner was not entitled to federal habeas relief on Ground Three because Petitioner failed to satisfy the standard set forth in Strickland and 28 U.S.C. § 2254(d).  The Court finds no plain error in this finding and recommendation and Petitioner's Objections are overruled.  Petitioner is not entitled to federal habeas relief on Ground Three of his Petition. See Slay, 714 F.2d at 1095.

### 3.     Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Petitioner's claims and objection ultimately are based on the failure to inform him of his privilege against compulsory self-incrimination. The Court found that the claims and objections do not have merit. The Magistrate Judge concluded that Petitioner failed to demonstrate that he is entitled to federal habeas relief or that any of the grounds he asserts are reasonably debatable, and that a COA thus should not be issued. The Court does not find any plain error in the Magistrate Judge's determination that a COA should not be issued.[3] See Slay, 714 F.2d at 1095.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Joseph Johnson's Objections [18] are **OVERRULED** and Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [16] is **ADOPTED**.

---

[3]   Petitioner did not object to the Magistrate Judge's recommendation that a COA should not be issued.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 7th day of January, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE